**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| **KEVIN C. CLENNA,** | ) | Case No. 12 B 00475 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |
| | ) | |
| _____ | ) | |

**NOTICE OF MOTION**

**To:**   See attached Service List.

PLEASE TAKE NOTICE that on **May 31, 2012, at 10:30 a.m.,** we will appear before the Honorable Janet S. Baer or such other Judge as may be presiding in that Judge's stead, in Courtroom 615, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present **Debtor's Motion for an Order Authorizing Use of Cash Collateral and (II) Approving the Form and Method of Notice, and Scheduling, of the Final Hearing on the Use of Cash Collateral**, a copy of which is attached hereto and served upon you herewith.

>                     By:   */s/ David P. Leibowitz*_____
>                              Attorney for Debtor

**CERTIFICATE OF SERVICE**

   On May 24, 2012, the undersigned, certifies that on this date, she caused a copy of the above document to be served upon each person shown on the within Notice, by first class United States Mail, with postage prepaid, at Waukegan, Illinois.  Those marked with an * were served via CM/ECF, the Court's electronic notification system.

>                    */s/ Maria Idalia Garcia*
>                    Paralegal

David P. Leibowitz (ARDC # 1612271)
Carrie A. Zuniga (ARDC #6292537)
LakeLaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100

BACK BOWL I LLC, SERIES C
C O WEINSTEIN AND RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

BMO HARRIS BANK N.A.
3800 WEST GOLF ROAD, SUITE 300
ROLLING MEADOWS, IL 60008-4005

CBE Group
131 Tower Park Dr.,
Ste., 100
Waterloo, IA 50701-9374

Bank of America
PO Box 982238
El Paso TX 79998-2238

CACH LLC/Collect America
4340 S Monaco Street
Unit 2
Denver, CO 80237-3408

Citibank NA
PO Box 769006
San Antonio, TX 78245-9006

Capital One
PO Box 30281
Salt Lake City UT 84130-0281

Chase Home Finance LLC
3415 Vision Dr.
Columbus OH 43219-6009

Credit Management
4200 International Pky
Carrollton TX 75007-1912

Citibank SD NA
PO Box 6241
Sioux Falls, SD 57117-6241

Cook County Treasurer's Office
118 N. Clark St., Suite 112
Chicago, IL 60602-1590

Greg Collum
54 E 80th Street
1st Floor
Chicago, IL 60619-3537

Enhanced Recovery Co.,
8014 Bayberry Rd.
Jacksonville, FL 32256-7412

GECRB/Sams Club
PO Box 965005
Orlando, FL 32896-5005

ILLINOIS DEPARTMENT OF REVENUE
P O BOX 64338
CHICAGO IL 60664-0338

HSBC Menards
PO Box 5253
Carol Stream, IL 60197-5253

Hudson Americas LLC
2711 N. Haskell Ave
Suite 1800
Dallas, TX 75204-2921

Lawrence Stepney
7959 S Wabash
2nd Floor
Chicago, IL 60619

Internal Revenue Service
Central Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, National
Association
Chase Records Center
Attn: Correspondence mail
Mail Code LA4-555
700 Kansas Lane, Monroe, LA 71203

Oak Harbor Capital IV, LLC
C/o Weinstein and Riley, PS
2001 Western Avenue, Ste. 400
Seattle, WA 98121-3132

Mr. Moses
7957 S. Wabash
1st Floor
Chicago, IL 60619-3514

Mrs. Johnson
54 E 80th Street
2nd Floor
Chicago, IL 60619-3537

Villa Capital Properties, I, Inc.,
6227 S. Dorchester
Chicago, IL 60637-3711

Peoples Energy
130 E Randolph Dr.
Chicago, IL 60601-6302

PORTFOLIO RECOVERY ASSOCIATES
LLC
PO BOX 41067
NORFOLK VA 23541-1067

Wells Fargo Bank NA
c/o Hauselman Rappin & Olswang
39 S. LaSalle Street, Suite 1105
Chicago, IL 60603-1720

JPMorgan Chase Bank, National
Association
c/o Codilis & Associates, P.C. 15W030
North Frontage Road, Suite 100 Burr Ridge,
IL 60527-6921

BMO Harris Bank NA
200 W Monroe Street
Chicago, IL 60606-5075

Erik Hubbard
c/o Francisco E. Connell
Chuhak & Tecson, P.C.
30 S. Wacker Drive
Suite 2600
Chicago, IL 60606-7512

| Kevin C Clenna | *Patrick S Layng | *Tom Vaughn |
| --- | --- | --- |
| 1025 W Irving Park Road | Office of the U.S. Trustee, Region 11 | 55 E. Monroe Street, Suite 3850 |
| Chicago, IL 60613-2913 | 219 S Dearborn St., | Chicago, IL 60603-5713 |
| | Room 873 | |
| | Chicago, IL 60604-2027 | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| KEVIN C. CLENNA, | ) | Case No. 12 B 00475 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |
| | ) | |
| _____ | ) | |

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL AND (II) APPROVING THE FORM AND METHOD OF NOTICE, AND SCHEDULING, OF THE FINAL HEARING ON THE USE OF CASH COLLATERAL**

Kevin C. Clenna, debtor ("Debtor") herein, hereby moves this Court for the entry of an order (I) Authorizing the Use of Cash Collateral and (II) Approving the Form and Method of Notice, and Scheduling, of the Final Hearing on the Use of Cash Collateral. This motion is brought pursuant to §363 of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure in order to allow Debtor to use cash collateral of its prepetition lender with respect to Debtor's property located at 7957 S. Wabash Avenue, Chicago, Illinois, (the "Property") in accordance with the operating budget proposed. In support of this Motion, Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 USC §§157 and 1334.

2. This matter is a core proceeding within the meaning of 28 USC § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 USC §§ 1408 and 1409(a).

3. By Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination.

4. The relief requested herein is within the constitutional jurisdiction of the bankruptcy court within the parameters of *Stern v. Marshall.*

## Factual and Procedural Background

5. On January 18, 2012, Debtor, a long serving and highly decorated officer of the Chicago Police Department, filed his petition for relief under Chapter 13 of the Bankruptcy Code.

6. In order to supplement his income, Debtor owns and manages, in addition to the building where his residence is located, a 4 flat apartment building located at 7957 S. Wabash Avenue, Chicago, Illinois.

7. Wells Fargo Bank N.A. ("Wells") claims to be the holder of a Note secured by a first mortgage on this Property. Curiously, its pleading asserts that it (Wells) "was or is" the owner of a Note and Mortgage with respect to the subject Property (Motion to Modify Automatic Stay). This is a question of standing which can be addressed at a separate time in a separate motion to determine and value Wells' secured claim.

8. Prior to commencement of Kevin C. Clenna's ("Debtor") Chapter 13 case, mortgage lender Wells Fargo Bank obtained an order in a mortgage foreclosure proceeding commenced in the Circuit Court of Cook County, County Department, Chancery Division, appointing Erik Hubbard ("Receiver") as receiver for the Property commonly known as 7957 S. Wabash Avenue, Chicago, Illinois ("Property").

9. Immediately after commencement of the Debtor's chapter 13 case, Debtor asked the Receiver to turn possession of the Property back to him as required by Section 542(b)(1) of the Bankruptcy Code as well as for an accounting from the Receiver as required by 542(b)(2).

10. The Receiver refused to do so.

11. Debtor filed a Motion for Damages under Bankruptcy Code Section 362(k) seeking damages from the Receiver owing to his willful violation of the automatic stay.

12. Thereafter, the Receiver filed an Emergency Motion to excuse compliance with Sections 542(b) of the Bankruptcy Code pursuant to Section 524(d) of the Bankruptcy Code.

13. After Debtor conducted the deposition of Wells' representative, Wells directed the Receiver to turn over possession of the Property to the Debtor.

14. Nevertheless, the Receiver collected rent ("Receivership Rents") for the Property for the first two months of this case, for the benefit of Well and has neither accounted for the Receivership Rents to the Debtor nor turned them over to the Debtor.

15. Since the turnover of the Property to the Debtor, Debtor has collected two months' rent from tenants of the Property.

16. Debtor has also tendered a proposed cash collateral order to the Wells' attorney.

17. To date, Wells' attorney has not consented to the use of the cash collateral or to the proposed cash collateral order.  Neither has Wells responded to Debtor's latest proposal to Wells during a conference call approximately 10 days ago.

18. Accordingly, Debtor must sequester the rents he has collected ("Post Receivership Rents") until such time as he has been granted the authority to use this Cash Collateral.

## Relief Requested

19. By this motion, Debtor seeks, among other things:

   a. Authorization under Bankruptcy Code §§ 363, 362(d)(2)(B), 363(c) and 363(e) to use the Cash Collateral consisting of Post Receivership Rents on the Property.

   b. The accrual and payment of interest at a provisional rate of interest of 5%, in anticipation that the interest rate which might ultimately be allowed to Wells on account of its secured claim might be adjusted in light of *Till v. SCS Credit Corporation,* 541 US 465 (2004).

   c. The payment of the difference between the Post Receivership Rents on the Property and the budgeted operating expenses plus the actual cash expenditures for tax, insurance and utilities as adequate protection payments, first to be applied to such interest as might ultimately be allowed on Wells' allowed secured claim and then to principal on Wells' allowed secured claim.

   d. The scheduling of a final hearing on this Motion for the entry of a final order approving the use of Cash Collateral.

20. Debtor has determined that the use of the Cash Collateral is necessary in order to pay taxes, insurance, utilities and to otherwise maintain and preserve the Property.

21. The Property is necessary for a successful reorganization of the Debtor's financial affairs and adjustments of his debts.

22. Continued operation of the Debtor's rental operation at the Property is necessary to preserve maximum value for the Estate and its creditors.

23. Maintenance and preservation of the Property will allow for a greater recovery to Wells on its unsecured claim than it would recover in the event of liquidation.

24. Use of Cash Collateral is required to allow for payment of real estate taxes, insurance and other operating expenses of the Property.

25. Debtor does not take or otherwise impose a management fee with respect to his rental operations at the Property.

26. Inability to use the Cash Collateral would result in irreparable damage to the value of the Debtor's estate for the benefit of the Debtor's creditors and himself.

27. Loss of the Property would preclude the Debtor from realizing on the efforts of his many years of work even if the real estate market begins to recover in the future.

28. The payment of the Post-Receivership Rent less approved operating expenses for the Property provides adequate protection to Wells for its secured interest in the Property.

29. Section 363(c)(2) of the Bankruptcy Code prohibits the debtor from using cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section." Debtor requests that the Court approve his use of Wells' Cash Collateral to pay for tax, insurance, utilities and other approved operating expenses of the Property and to pay the balance to Wells as adequate

protection, with interest at the provisional rate of 5% to be applied to such amount as might be hereafter allowed as Wells' secured claim with respect to the Property. The proposed budget is set forth herein as **Exhibit A**.

30. Bankruptcy Rule 4001(b) provides that if, as here, a debtor seeks to use cash collateral during the 15-day period following the filing of a motion requesting authorization to use such cash collateral, the court may authorize the use of "only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending final hearing." After the 15-day period, the request for financing is not so limited.

31. Debtor requests that Cash Collateral use be permitted on an interim basis to the extent required to pay for real estate taxes, utilities, insurance and necessary operating expenses.

## Summary of Compliance with Local Rule 4001-2

32. Pursuant to Local Rule 4001-2, Debtor highlights the following provisions of the Interim Cash Collateral Order and the Final Order:

| Local Rule | Location in Order | Justification |
|---|---|---|
| **4001-2(A)(2)(a)** Cross-collateralization | None | Not applicable |
| **4001-(2)(A)(2)(b)** Findings of fact that bind estate or other parties in interest with respect to validity, perfection or amount of lien or debt | None | Not applicable |
| **4001-2(A)(2)(c)** Provisions waiving rights under Bankruptcy Code §506(c) | None | Not applicable |
| **4001-2(A)(2)(d)** Provisions granting to prepetition secured creditor | None | Not applicable |

| | | |
|---|---|---|
| rights to avoidance actions | | |
| **4001-2(A)(2)(e)** Provisions deeming pre-petition debt to be post-petition debt or that use post-petition loans from pre-petition creditors to pay secured debt other than provided in §552 of the Bankruptcy Code | None | Not Applicable |
| **4001-1(A)(2)(f)** Provisions granting professionals retained by a committee differing treatment than other professionals | None | Not applicable |
| **4001-2(A)(2)(g)** Provisions priming secured liens without consent of lienor | None | Not applicable |
| **4001-2(A)(2)(h)** A declaration that the order does not impose lender liability on any secured creditor | None | Not applicable |
| **4001-2(A)(2)(i)** Provisions granting lender expedited relief from the automatic stay | None | Not applicable |

33. Debtor's use of the Cash Collateral shall be as set forth on the Operating Budget. Initially, interest will accrue at the provisional rate of 5%. Debtor will not be required to make interest payments to Wells on the full outstanding principal balance as the full outstanding principal balance is not a secured claim. On the determination of Wells' secured claim, and the applicable rate of interest under *Till,* as well as the amortization term of the loan under Debtor's Plan, Trustee will tender principal as well as interest to Wells at the applicable non-default contract rate" within the meaning of §362(d)(3)(B)(ii) of the Bankruptcy Code.

**Notice**

34. Notice of this Motion has been given to: (a) The Office of the United States Trustee for this District; (b) all of the creditors; (c) counsel for Wells (d) the Chapter 13 Trustee, and (e) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, Debtor requests that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

**No Prior Request**

35. No prior request for the relief sought in this Motion has been made to this or any other court.

36. Kevin C. Clenna further submits that the Court take notice of his affidavit filed in support of the Response in Opposition of Wells Fargo's Motion for Administrative Order to Excuse Compliance in support of this Motion. *See* **Dkt. #34**.

Wherefore, Kevin C. Clenna, Debtor herein, respectfully requests that the Court grant the relief requested herein and for such other and further relief as may be just.

                Kevin C. Clenna

                By: /s/ *David P. Leibowitz*
                     His attorney

David P. Leibowitz
Attorney 1612271
Lakelaw
420 W. Clayton Street
Waukegan, IL 60085
847.249.9100
dleibowitz@lakelaw.com